1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | | |
|---|---|---|
| SZ DJI Technology Co., Ltd. et al., | ) | CASE NO.: 5:16-cv-595-BRO (KKx) |
| Plaintiffs, | ) | **JOINT RULE 26(f) REPORT** |
| v. | ) | Hearing Date:   August 15, 2016 |
| Yuneec International Co. Ltd. et al., | ) | Hearing Time:   1:30 p.m. |
| | ) | Courtroom:   14 |
| Defendants. | ) | |
| | ) | Complaint Filed:  April 1, 2016 |
| Yuneec USA, Inc., | ) | |
| Counter-Claimant, | ) | Judge:  Hon. Beverly Reid O'Connell |
| v. | ) | |
| SZ DJI Technology Co. et al., | ) | |
| Counter-<u>Defendants</u>. | ) | |
| | ) | |

22
23
24
25
26
27
28

Plaintiffs and Counter-Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V. (collectively, "DJI"), Defendant and Counter-Claimant Yuneec USA Inc. and Defendant Yuneec International Co. Ltd.[1] (collectively, "Yuneec") submit the following Joint Rule 26(f) Report pursuant to the Court's May 25, 2016 Order Setting Scheduling Conference (ECF # 22).

a.   <u>Statement of the Case</u>: *a short synopsis (not to exceed two pages) of the principal claims, counterclaims, and affirmative defenses.*

DJI filed a Complaint for Patent Infringement against Defendants Yuneec International Co. Ltd. ("Yuneec International") and Yuneec USA, Inc. ("Yuneec USA") on April 1, 2016, alleging that Yuneec willfully infringed and continues to infringe U.S. Patent Nos. 9,164,506 and 9,280,038 (ECF #1) (collectively, the "Patents in Suit.")

Yuneec USA filed its Answer to Plaintiffs' Complaint, Affirmative Defenses, and Counterclaims on May 25, 2016 (ECF # 20). Yuneec USA filed an Amended Answer to Plaintiffs' Complaint, Affirmative Defenses, and Amended Counterclaims on June 27, 2016 (ECF # 28).

Yuneec USA asserts the following affirmative defenses: DJI's failure to state a claim on which relief can be granted; non-infringement of the Patents in Suit; invalidity of the Patents in Suit; unenforceability of the Patents in Suit; prosecution history estoppel; limitation of damages under 35 U.S.C. § 287, 35 U.S.C. §§ 286 and 288; and adequate remedy at law.

Yuneec USA filed declaratory judgment counterclaims against DJI for non-infringement of the Patents in Suit; invalidity of the Patents in Suit; and unenforceability of U.S. Patent No. 9,280,038 due to inequitable conduct during the prosecution of the application that issued as U.S. Patent No. 9,280,038.

---

[1] For purposes of judicial economy and efficiency, Yuneec International joins this Rule 26(f) Report even though it has not yet made an appearance in the case. The parties agree that this does not constitute an appearance by Yuneec International in the case.

1  DJI filed its Answer to Yuneec USA's Amended Counterclaims on July 21,
2  2016 (ECF # 30).

3  DJI and Yuneec have agreed that the last day for Yuneec International to
4  answer or otherwise respond to the complaint is on August 29, 2016.

5  b.  Subject Matter Jurisdiction: *a statement of the specific basis of federal*
6  *jurisdiction, including supplemental jurisdiction.*

7  This is a patent infringement action under the Patent Laws of the United
8  States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271 and 281.  This Court has
9  original subject matter jurisdiction over patent claims and counterclaims pursuant
10  to 28 U.S.C. §§ 1331 and 1338(a).  This Court also has jurisdiction over
11  declaratory judgment actions pursuant to the Federal Declaratory Judgments Act,
12  28 U.S.C. §§ 2201 and 2202, and jurisdiction is conferred on this Court by 28
13  U.S.C. §§ 1331 and 1338(a).

14  c.  Legal Issues: *a brief description of the key legal issues, including any*
15  *unusual substantive, procedural, or evidentiary issues.*

16  The issues to be decided in this action include at least the following:

17  • The construction of disputed claim terms for the Patents-in-Suit;
18  • Whether the accused products infringe or have infringed any claim of
19  any of the Patents-in-Suit;
20  • Whether the Patents-in-Suit are valid;
21  • Whether U.S. Patent No. 9,280,038 is unenforceable;
22  • Whether DJI is entitled to a permanent injunction against Yuneec;
23  • The amount of DJI's damages for any infringement of any valid and
24  enforceable claim;
25  • Whether DJI is entitled to enhanced damages pursuant to 35 U.S.C. §
26  284; and
27  • Whether this case is exceptional and whether either party is entitled to
28  attorneys' fees and costs pursuant to 35 U.S.C. § 285.

1          d.      Parties, Evidence, Etc.: *a list of parties, percipient witnesses, and key*

2    *documents on the main issues in the case. For conflict purposes, corporate parties*

3    *must identify all subsidiaries, parents, and affiliates.*

4          Plaintiffs SZ DJI Technology Co., Ltd. ("DJI SZ") and DJI Europe B.V.

5    ("DJI BV") are subsidiaries of iFlight Technology Co., Ltd., a Hong Kong Entity.

6    DJI SZ is a parent to five wholly owned subsidiaries: Hong Kong Dajiang

7    Innovation Technology Co., Limited, Shenzhen SkyTech Co., Ltd., Beijing DJI

8    Culture Media Co., Ltd., DJI Baiwang Technology Co. Ltd., and Shanghai Feilai

9    Information Technology Co., Ltd. DJI BV is the parent to DJI Technology, Inc.

10         Yuneec Holding Ltd. (Cayman) is the parent company to Yuneec Holding

11   Ltd. (BVI), which is the parent company to four subsidiaries: Firebird Technology

12   Co. Ltd. (HK), Yuneec International Co., Ltd. (HK), Yuneec Technology Co., Ltd.

13   (HK), and Good Flying Investment Co., Ltd. (HK). Yuneec International Co. Ltd.

14   is the parent company to four subsidiaries: Yuneec USA, Inc., Yuneec Europe

15   GmbH,Shanghai Yuneec Digi-Tech Co., Ltd. and Yuneec International (China)

16   Co., Ltd. Good Flying Investment Co., Ltd. (HK) is the parent company to three

17   subsidiaries: Shanghai Hang Seng Electronic Technology Co., Ltd., Haoxiang

18   Electric Energy (Kunshan) Co. Ltd., and Flying Tian Electronic (Shanghai) Co.,

19   Ltd.

20         Percipient witnesses[2] are identified in DJI's initial disclosures, including:

21         • The inventors of the Patents in Suit, including Bo Zang (named

22             inventor of U.S. Patent No. 9,164,506), Li-Chung (Paul) Pan, Xifeng

23             Zhao, and Tao Zhao (named inventors of U.S. Patent No. 9,280,038);

24         • DJI technical representatives;

25         • DJI financial representatives, including Yuanyuan (Elsa) Ma;

26   _____

27         [2] The identification of potential percipient witnesses in this Joint Rule 26(f)
     Report is not an admission by the opposing party of the witness's relevance to the
28   case.

- DJI marketing representatives, including Michael Perry and Chaowen (Danny) Zheng;
- DJI sales representatives, including Ting Liu; and
- Additional witnesses relating to DJI's technology and products, finances, sales, and marketing.

Percipient witnesses are identified in Yuneec USA's initial disclosures, including:

- The above-listed witnesses identified by DJI;
- Shan Phillips, Yuneec USA's Chief Executive Officer; and
- The prosecuting attorneys for U.S. Patent No. 9,164,506 and U.S. Patent No. and 9,280,038, including, but not limited to, Elaine Kim (Elaine Lee), Karen Wong, Connie Cheng, Yin Cheung, Dai Jun Zhou, Byunghwi "Ben" Rho, and Vernon A. Norviel.
- Prior art inventors.

DJI currently anticipates that key documents on the main issues in the case include:

- U.S. Patent Nos. 9,164,506 and 9,280,038;
- File histories for the Patents in Suit;
- Documents showing conception and reduction to practice of the claimed inventions of the Patents in Suit;
- Technical documents showing the practice of the Patents in Suit by DJI;
- Financial documents showing DJI's lost and delayed sales and business opportunities, loss of customer goodwill, and price erosion from Yuneec's infringement of the Patents in Suit;
- Documents and things relating to Yuneec's knowledge and willful infringement of the Patents in Suit;

- Documents and things relating to Yuneec's copying and development of the accused products; and

- Documents and things relating to Yuneec's marketing, sales, customer communications, and financial information for the accused products.

Yuneec currently anticipates that the key documents on the main issues of the case include:

- The Patents in Suit;

- File histories for the Patents in Suit;

- Patents and patent applications related to the Patents in Suit and their file histories;

- Prior art to the Patents in Suit.

e.   Damages: *the realistic range of provable damages.*

DJI is seeking lost profit and/or reasonable royalty damages. DJI is further seeking enhanced damages for Yuneec's infringement. DJI will need discovery from Yuneec to accurately calculate damages. At this time, DJI's estimated range of damages for lost sales can be best calculated by multiplying DJI's gross profit per unit by the number of infringing sales made by Yuneec. For sales not lost, DJI's damages may include a reduction in DJI's sale price, increased costs, and/or delayed price increases. At minimum, DJI is entitled to a reasonable royalty.

Yuneec USA seeks relief in the form of declarations of non-infringement and invalidity. Yuneec USA may seek costs and attorneys' fees pursuant to 35 U.S.C. § 285 and any other applicable statute or law.

f.   Insurance: *whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.*

The parties are not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment.

g.   Motions: *a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.*

1   There is a substantial probability that DJI will add additional claims against
2   Yuneec.  DJI continues to evaluate whether it is appropriate to do so.

3   After conducting discovery regarding Yuneec's corporate structure, DJI may
4   seek to add additional Yuneec entities as defendants.

5   Yuneec anticipates filing petitions for review of the Patents in Suit before
6   the Patent Trial & Appeal Board, and likely will file a motion to stay this litigation
7   pending the patent office review.   Yuneec International Co. Ltd. is considering
8   moving to dismiss for lack of jurisdiction.  Yuneec also anticipates filing a motion
9   to invalidate U.S. Patent No. 9,164,506 on the grounds that it does not claim
10  patentable subject matter.

11  DJI will likely oppose a motion to stay and a motion to dismiss for lack of
12  jurisdiction.  DJI will also likely oppose a motion to dismiss on the grounds that
13  U.S. Patent No. 9,164,506 allegedly does not claim patentable subject matter.

14  *h.*   Manual for Complex Litigation: *whether all or part of the procedures*
15  *of the Manual for Complex Litigation should be utilized.*

16  The parties do not believe that it will be necessary to utilize any of the
17  procedures of the Manual for Complex Litigation.

18  *i.*   Status of Discovery: *a discussion of the present state of discovery,*
19  *including a summary of completed discovery.*

20  The parties agreed to exchange Rule 26(a)(1) initial disclosures on August 5,
21  2016 pursuant to the deadline set forth in the Federal Rules of Civil Procedure.

22  *j.*   Discovery Plan: *a detailed discovery plan, as contemplated by Rule*
23  *26(f), including the identity of all anticipated deponents and dates by which their*
24  *depositions are to be completed (if possible), anticipated written discovery*
25  *requests, including requests for admission, document requests, and*
26  *interrogatories, and a schedule for completion of all discovery.  State what, if any,*
27  *changes in the disclosures under Rule 26(a) should be made, the subjects on which*
28  *discovery may be needed and whether discovery should be conducted in phases or*

*otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.*

DJI will require discovery concerning, among other things: Yuneec's respective accused products; the development, design, structure, and operation of Yuneec's respective accused products; the sales, revenue, profits, and marketing associated with Yuneec's respective accused products; Yuneec's respective knowledge of the Patents in Suit and any analyses or opinions concerning the Patents in Suit; Yuneec's license agreements concerning their respective accused products and related technology and other factors affecting the measure and extent of damages; the bases for any defenses to DJI's claims of infringement; the relevant markets and competition and competitors within those markets; and competition between the parties, including Yuneec's attempts to develop products competitive with DJI's products.

Yuneec will require discovery concerning, among other things: DJI's Patents in Suit and any related patents; the conception, reduction to practice, research, and/or development of the subject matter disclosed in the Patents in Suit; all agreements related to the Patents in Suit and any related patents; DJI's licensing activities involving the Patents in Suit; DJI's patent licensing policies or strategies; DJI's investigation into the accused products; DJI's basis for alleging infringement of the Patents in Suit; marking of any DJI or third party products covered by the Patents in Suit; communications concerning the Patents in Suit; purported secondary indicia of non-obviousness; DJI's basis for its damages claims and calculations, including lost profits and reasonable royalty.[3]

---

[3] The identification of potential documents in this Joint Rule 26(f) Report is not an admission by the opposing party of the document's relevance to the case, or of the appropriate scope of discovery.

DJI anticipates deposing at least the following individuals and further anticipates that the identities of additional deponents will be identified in the course of discovery:

| Deponent | Date |
|---|---|
| Unknown Yuneec technical representative | Before the close of fact discovery |
| Unknown Yuneec financial representative | Before the close of fact discovery |
| Unknown Yuneec sales representative | Before the close of fact discovery |
| Yuneec USA 30(b)(6) representative | Before the close of fact discovery |
| Yuneec International 30(b)(6) representative | Before the close of fact discovery |

Yuneec anticipates deposing at least the following individuals and further anticipates that the identities of additional deponents will be identified in the course of discovery:

| Deponent | Date |
|---|---|
| DJI 30(b)(6) representative | Fall 2016 |
| DJI technical representative | Fall 2016 |
| DJI financial representative(s) | Before the close of fact discovery |
| Patent prosecutor Elaine Kim/ Elaine Lee | November/ December 2016 |
| Patent prosecutor Karen Wong | November/ December 2016 |
| Patent prosecutor Connie Cheung | November/ December 2016 |
| Patent prosecutor Yin Cheung | November/ December 2016 |
| Patent prosecutor Dai Jun Zhou | November/ December 2016 |
| Patent prosecutor Byunghwi "Ben" Rho | November/ December 2016 |
| Patent prosecutor Vernon A. Norviel | November/ December 2016 |
| Patent prosecutor Esther Kepplinger | November/December 2016 |
| Inventors of the Patents in Suit | Fall 2016, or as soon as possible if foreign discovery processes are necessary. |
| DJI's technical expert(s) | Spring 2017 |
| DJI's damages expert(s) | Spring 2017 |
| Prior art inventors and foundational witnesses | Fall 2016-Spring 2017 |

The parties agree that the following limits on discovery shall apply.

1. **Interrogatories**.   DJI will be collectively permitted a total of 25 common interrogatories.   Yuneec will collectively be permitted a total of 25 common interrogatories.  The same interrogatory may be served on both plaintiffs or both defendants, but will be counted as one interrogatory.   A single interrogatory may address more than one patent and more than one product, yet still be counted as one interrogatory.

2. **Fact Depositions**.

The parties agree that there will be no limit on the number of third party depositions.

DJI's Proposal:  DJI may take a total of 150 hours of fact depositions, excluding expert depositions but including third-party depositions.  Yuneec may take a total of 150 hours of fact depositions, excluding expert depositions but including third-party depositions.

Yuneec's Proposal:   DJI and Yuneec may take a total of 10 party depositions, limited to 7 hours per deposition.  There will be no limit on the total number of hours for third party depositions, but each third party deposition will be limited to 7 hours.

The parties agree that each non-30(b)(6) deposition will be limited to 7 hours in length of on-the-record time.  A 30(b)(6) deposition is not limited to 7 hours, but will be counted against the hours total.  Each hour of deposition in a language other than English counts as half an hour of deposition.  Regardless of length or the number of natural persons deposed, depositions pursuant to a notice under Fed. R. Civ. P. 30(b)(6) shall collectively count as one deposition.   The parties each reserve their right to seek relief from the court to limit the length of any particular deposition or take depositions in excess of the limits described above.

3. **Third Party Subpoenas**.   Any party (DJI, on the one hand, or Yuneec, on the other) which serves a subpoena upon a third party will simultaneously serve a copy of such subpoena upon the other party.  Moreover, any party which receives documents from a third-party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days.  Where reproduction of documents within the above time frame is not possible, the party which received the documents will provide immediate notice to the other party and the issue will be resolved by the parties on a case-by-case basis.

4. **Requests for Admission**. Each party (DJI, on the one hand, or Yuneec, on the other) may serve up to fifty (50) substantive requests for admission and an unlimited number of requests for admission solely as to the authentication of documents.

5. **Privilege Logs.**   The parties agree that, absent good cause to the contrary, neither party shall be required to identify on their respective privilege logs any document or communication involving trial counsel dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties, or within a reasonable time after a demand from one of the parties for documents responsive to requests for production.

6. **Proposed Schedule.**  The parties' proposed schedule is set forth in the Schedule of Trial and Pretrial Dates below.

*k.*     Discovery Cut-Off: *a proposed discovery cut-off data.  N.B. This means the final day for completion of discovery, including resolution of all discovery motions.*

The parties' proposed dates for discovery cut-off are set forth in the Schedule of Trial and Pretrial Dates below.

*l.*     Expert Discovery: *whether expert witnesses are contemplated, proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).*

DJI anticipates relying on at least one technical expert and at least one financial expert.  DJI's proposed dates for expert witness disclosures and expert discovery cut-off under Rule 26(a)(2) are included in the Schedule of Trial and Pretrial Dates below.  At this time, Yuneec anticipates relying on at least one technical expert and at least one financial expert.  Yuneec's proposed dates for expert witness disclosures and expert discovery cut-off under Rule 26(a)(2) are included in the Schedule of Trial and Pretrial Dates below.

*m.*     Dispositive Motions: *a description of the issues or claims that any party believes may be determined by motion for summary judgment or motion in limine.*

DJI anticipates that the issues of infringement and validity will be appropriate for a motion for summary judgment and/or adjudication.  DJI also anticipates filing motions *in limine* to exclude any prejudicial evidence, cumulative testimony, and hearsay.  DJI reserves the right to identify any additional issues appropriate for a motion *in limine* at a later date.

Yuneec may file a motion to dismiss or for judgment on the pleadings that one or more claims of U.S. Patent No. 9,164,506 are unpatentable subject matter under 35 U.S.C. § 101.  Yuneec anticipates that the issues of non-infringement, invalidity, and unenforceability of the Patents in Suit will be appropriate for a motion for summary judgment and/or adjudication.  Yuneec also anticipates filing motions *in limine*.  Yuneec reserves the right to identify any additional issues appropriate for a motion *in limine* at a later date.

*n.*     Settlement/Alternative Dispute Resolution (ADR): *a statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and a statement selecting one of the three*

*ADR Procedures specified in Local Rule 16-15.4 and indicating when the ADR session should occur. Note: If Counsel have received a Notice to Parties of Court-Directed ADR Program (form ADR-08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties' expense). No case will proceed to trial unless all parties, including an officer (with full authority to settle the case) of all corporate parties, have appeared personally at an ADR proceeding.*

No substantive settlement discussions have taken place between the parties at this time. DJI prefers ADR Procedure No. 1 (the parties shall appear before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct), but is open to ADR Procedure No. 3 (private mediation). Yuneec proposes ADR Procedure No. 3: private mediation. The parties propose that settlement proceedings occur on the date set forth in the Schedule of Trial and Pretrial Dates below, or at the Court's convenience.

o.   <u>Trial Estimate</u>: *a realistic estimate, in hours, of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds 10 hours, counsel shall be prepared to discuss in detail the estimate.*

Plaintiff DJI anticipates calling approximately 6-8 witnesses at trial and estimates that DJI will need approximately 3-5 trial days to present its case, including 1 trial day of rebuttal. Plaintiff DJI estimates the parties will need 8-10 total trial days.

Yuneec estimates that trial will last 5-7 days and it anticipates calling about 6 witnesses.

p.   <u>Trial Counsel</u>: *the name(s) of the attorney(s) who will try the case.*

Plaintiff DJI's lead trial counsel is James C. Yoon.  Attorneys who may participate in trial include Ryan R. Smith, Albert Shih, Mary Procaccio-Flowers, and Lisa D. Zang.  Yuneec's lead trial counsel is Bryan Wilson.  Attorneys who may participate in trial include Bita Rahebi and Alessa Hwang.

q.     Independent Expert or Master: *whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.  (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy Daubert hearing, a resolution of a difficult computation of damages, etc.).*

The parties do not anticipate the need for an independent expert or master.

r.     Timetable: *complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report. Please use this form for completion of dates: Civil Schedule of Dates.  The entries in the "Weeks Before Trial" column reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the pretrial conference.  The form is designed to enable counsel to ask the Court to set different (earlier) last dates by which the key requirements must be completed.  Each side should write in the month, day, and year it requests for each event.  E.g., for the expert discovery cut-off it might be "05/13/13" for plaintiff and "05/20/13" for defendant, if they cannot agree.  At the conference, the Court will review this form with counsel. Each entry proposing Court dates shall fall on a Monday, except the trial date, which is a Tuesday.  Counsel should ensure that requested dates do not fall on a holiday.  In appropriate cases the Court will order different dates after it hears from counsel.  The discovery cut-off date is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must be heard.  The cut-off*

*date for motions is the last date on which motions may be heard, not filed. The Court is not likely to continue this date, and will not do so unless the trial date is also continued.*

The parties' completed Schedule of Pretrial and Trial Dates is attached[4].

s. <u>Other Issues</u>: *a statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.*

The parties have agreed that the last day for Yuneec International Co. Ltd. to answer or otherwise respond to DJI's complaint is August 29, 2016.

The parties have agreed to draft a joint protective order based in part on the Northern District of California's "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets," available at http://www.cand.uscourts.gov/model-protective-orders (last visited August 4, 2016).

The parties have agreed to draft an e-discovery order based on the Federal Circuit Advisory Council's Model Order, "[Model] Order Regarding E-Discovery in Patent Cases," available at http://www.cafc.uscourts.gov/sites/default/files/announcements/Ediscovery_Model_Order.pdf (last visited August 4, 2016).

---

[4] Should the Court stay the action pending petitions before the Patent Trial and Appeal Board, the parties will confer on different deadlines for a proposed schedule.

1

2

Respectfully submitted,

3

Dated:  August 5, 2016

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

4

5

6

By:  _/s/ James C. Yoon_____

7

James C. Yoon

8

JAMES C. YOON, (Bar No. 177155)
jyoon@wsgr.com

9

RYAN R. SMITH, (Bar No. 229323)
rsmith@wsgr.com

10

ALBERT SHIH, (Bar No. 251726)
ashih@wsgr.com

11

MARY PROCACCIO-FLOWERS, (Bar No. 286936)

12

mprocaccioflowers@wsgr.com
WILSON SONSINI GOODRICH & ROSATI

13

PROFESSIONAL CORPORATION
650 Page Mill Road

14

Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300

15

Facsimile:   (650) 565-5100

16

LISA D. ZANG, (Bar No. 294493)
WILSON SONSINI GOODRICH & ROSATI

17

PROFESSIONAL CORPORATION
lzang@wsgr.com

18

633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027

19

Telephone: (323) 210-2923
Facsimile: (866) 974-7329

20

Attorneys for Plaintiffs and Counter-
Defendants SZ DJI Technology Co., Ltd. and
DJI Europe B.V.

21

22

23

24

25

26

27

28

1    Dated:  August 5, 2016              MORRISON & FOERSTER LLP

2

3                                        By:  _/s/  Bryan Wilson_____

4                                                Bryan Wilson

5                                        BRYAN WILSON (CA SBN 138842)
                                         BWilson@mofo.com
6                                        ALESSA HWANG (CA SBN 286872)
                                         AHwang@mofo.com
7                                        MORRISON & FOERSTER LLP
                                         755 Page Mill Road
8                                        Palo Alto, California  94304-1018
                                         Telephone: 650.813.5600
9                                        Facsimile: 650.494.0792

10                                       BITA RAHEBI (CA SBN 209351)
                                         BRahebi@mofo.com
11                                       MORRISON & FOERSTER LLP
                                         707 Wilshire Boulevard, Suite 600
12                                       Los Angeles, California 90017-3543
                                         Telephone: 213.892.5200
13                                       Facsimile: 213.892.5454

14                                       Attorneys for Defendant and Counter-Claimant
                                         Yuneec USA Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JUDGE BEVERLY REID O'CONNELL
## SCHEDULE OF TRIAL AND PRETRIAL DATES[5]

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury) Estimated length: ____ days** | 8:30 am | | 9/26/17 | 11/13/17 | |
| **Hearing on Disputed Jury Instructions** | 1:30 pm | -2 | 9/11/17 | 10/30/17 | |
| **Pretrial Conference; Proposed Voir Dire Q.s. Lodged; file Agreed-to Statement of Case; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** **[Jury trial] Hearing on Motions in Limine** | 3:00 pm | -4 | 8/28/17 | 10/16/17 | |
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists** | | -6 | 8/14/17 | 10/2/17 | |
| **Last date to file Joint Report regarding ADR Proceeding** **Motions in Limine to be filed** | | -7 | 8/7/17 | 9/25/17 | |
| **Last date to conduct ADR Proceeding** | | -8 | 7/31/17 | 9/18/17 | |
| **Last day for hearing motions** | 1:30 pm | -9 | 7/24/17 | 9/11/17 | |
| **Discovery cut-off [Note: Expert disclosure no later than 70 days prior to this date.]** | | -10 | Expert: 7/17/17 Fact: 5/17/17 | Expert: 9/4/17 Fact: 7/13/17 | |
| **Rebuttal Expert Reports** | | | 6/14/17 | 8/17/17 | |
| **Last Day to File MSJ (49 days before hearing)** | | | 6/2/17 | 7/27/17 | |

---

[5] The parties have agreed to follow the Northern District of California's Local Patent Rules.

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Opening Expert Reports** | | | 5/24/17 | 7/20/17 | |
| **Close of Fact Discovery** | | | 5/17/17 | 7/13/17 | |
| **Final Invalidity Contentions** | | | 45 days from service of Final Infringement Contentions | 45 days from service of Final Infringement Contentions | |
| **Final Infringement Contentions** | | | 30 days from issuance of Claim Construction ruling | 30 days from issuance of claim construction hearing | |
| **Claim Construction Hearing** <br><br> [14 days after Reply Briefs] <br><br> [N.D. Cal. P.L.R. 4-6] | | | 3/2/17 or at the Court's convenience | 3/2/17 or at the Court's convenience | |
| **Reply Claim Construction Briefs** <br><br> [7 days after Opposing Briefs] <br><br> [N.D. Cal. P.L.R. 4-5] | | | 2/16/17 | 2/16/17 | |
| **Opposing Claim Construction Briefs** <br><br> [14 days after Opening Briefs] <br><br> [N.D. Cal. P.L.R. 4-5] | | | 2/9/17 | 2/9/17 | |
| **Opening Claim Construction Briefs** <br><br> [45 days after filing Joint Claim Construction and Prehearing Statement] <br><br> [N.D. Cal. P.L.R. 4-5] | | | 1/26/17 | 1/26/17 | |
| **Last to Amend Pleadings or Add Parties (90 days from Scheduling Conference)** | | | 1/20/17 | 11/13/17 | |
| **Claim Construction Discovery Cut-off** <br><br> [30 days after filing Joint Claim Construction and Prehearing Statement] <br><br> [N.D. Cal. P.L.R. 4-4] | | | 1/11/17 | 1/11/17 | |
| **Joint Claim Construction** | | | 12/12/16 | 12/12/16 | |

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Chart and Prehearing Statement**<br><br>[60 days after Invalidity Contentions]<br><br>[N.D. Cal. P.L.R. 4-3] | | | | | |
| **Exchange Preliminary Claim Constructions**<br><br>[21 days after Exchange Proposed Claim Construction Terms]<br><br>[N.D. Cal. P.L.R. 4-2] | | | 11/17/16 | 11/17/16 | |
| **Exchange Proposed Claim Construction Terms**<br><br>[14 days after Invalidity Contentions]<br><br>[N.D. Cal. P.L.R. 4-1] | | | 10/27/16 | 10/27/16 | |
| **Invalidity Contentions and accompanying document production**<br><br>[45 days after Infringement Contentions]<br><br>[N.D. Cal. P.L.R. 3-3 and 3-4] | | | 10/13/16 | 10/13/16 | |
| **Infringement Contentions and accompanying document production**<br><br>[14 days after Scheduling Conference] [N.D. Cal. P.L.R. 3-1 and 3-2] | | | 8/29/16 | 8/29/16 | |
| **Deadline for Yuneec International Co. Ltd. to answer or otherwise respond to DJI's complaint**<br><br>[per agreement by the parties] | | | 8/29/16 | 8/29/16 | |
| **Service of Initial Disclosures**<br><br>[14 days after Rule 26(f) Conference] | | | 8/5/2016 | 8/5/2016 | |

1

## **SIGNATURE ATTESTATION**

2

3        Pursuant to Civil Local Rule 5-4.3.2, I hereby attest that I have obtained the

4  concurrence in the filing of this document from all the signatories for whom a

5  signature is indicated by electronic signature with this efiled document.

6

7  Dated:  August 5, 2016                     By:  */s/ James C. Yoon*_____

8                                                          James C. Yoon

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28